UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| GENE DIEHL, # 764951, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cv-402 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PAROLE BOARD MEMBER ANTHONY ) | |
| KING, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| GENE DIEHL, # 764951, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:12-cr-410 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| AMANDA OSBORN, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

The captioned cases are civil rights actions brought by a state parolee pursuant to 42 U.S.C. § 1983. Case no. 1:12-cv-410 is brought against Amanda Osborn, plaintiff's parole agent. Case no. 1:12-cv-402 is brought against two members of the parole board who voted on May 26, 2011, to release defendant on parole, subject to certain conditions. Before being released on parole, plaintiff was serving a prison sentence of 2-to-7½ years imposed by the Cass County Circuit Court on April 30, 2010, after plaintiff entered a plea of guilty to a charge of operating a motor vehicle under the influence of alcohol, third offense, a felony. Because the allegations in plaintiff's

complaints are substantially identical and arise from the same transaction, I am issuing a consolidated report and recommendation in these cases. The gravamen of plaintiff's claim in both cases is that defendants are guilty of imposing an unconstitutional condition of parole. His complaint against the parole board members concerns the imposition of condition 2.0:

> You must not use or possess alcoholic beverages or other intoxicants. You must not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site, unless the field agent has first given you written permission for your employment at a specific location.

(Compl. in case no. 1:12-cv-402, attachment, ID# 6). In the complaint against Parole Officer Osborn, plaintiff complains specifically about the requirement that he wear a "SCRAM" alcohol tether, which he asserts violates his rights under the Fourteenth Amendment.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action will be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Wee Care Child Ctr., Inc. v. Lumpkin*, No. 10-4160, ___

F.3d ___, 2012 WL 1448317, at * 3 (6th Cir. Apr. 27, 2012). "A plaintiff must 'plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plaintiff falls short if []he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

### Discussion

**1. Claims Against Parole Board Members**

Plaintiff's complaint and attachments disclose that parole board members Anthony King and Amy M. Bonito decided that plaintiff should be released on parole for an 18-month term, subject to certain standard and special conditions. Special condition no. 2 required that he not possess or use alcoholic beverages or other intoxicants and not enter bars or other places where the primary purpose is to serve alcoholic beverages for drinking on site. (Parole Board Notice of Decision, ID# 6). Plaintiff asserts that special condition no. 2.0 is unconstitutional, although he does not identify the source of the constitutional infirmity. Plaintiff seeks only monetary relief, asking for compensatory damages for "all days sanctioned that were imposed starting from December 22, 2011." This claim is indisputably meritless, on two separate grounds. First, the Sixth Circuit has recognized that parole board members act in a quasi-judicial capacity when they decide whether or not to release an inmate on parole. Consequently, parole board members are immune from suit for damages under the doctrine of absolute judicial immunity. *See Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). Defendants King and Bonito are therefore immune from plaintiff's damage suit.

Beyond the question of immunity, plaintiff's complaint fails to state a claim upon which relief can be granted under any provision of the Constitution. The Supreme Court has squarely held that probationers and parolees do not enjoy the absolute liberty to which every citizen is entitled but only a "conditional liberty properly dependent on observance of special restrictions." *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987). Thus, the State is justified in imposing reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens. *United States v. Knights*, 534 U.S. 112, 119 (2001). A parolee may be subjected to "extensive restrictions" on his liberty. *Morrissey v. Brewer*, 408 U.S. 471, 483 (1972). "Typically, parolees are forbidden to use liquor or to have associations or correspondence with certain categories of undesirable persons." *Id.* at 478. No decision of the Supreme Court or the Sixth Circuit recognizes any constitutional interest of a parolee in overturning a parole condition requiring abstinence from alcohol, especially when the parolee has been convicted of felony drunk-driving. Plaintiff's contrary suggestion is utterly frivolous.

  **2. Parole Agent Osborn**

Plaintiff's complaint against his parole agent, Amanda Osborn, arises from her decision to place plaintiff on a "SCRAM alcohol tether." Plaintiff asserts, without embellishment, that this decision somehow violates his 4th Amendment rights. He seeks an award of damages on this basis.

A SCRAM (secure continuous remote alcohol monitoring) device is an ankle bracelet designed as a trans-dermal monitor of a person's alcohol use.

> The SCRAM bracelet is an eight-ounce device, approximately the size of a deck of
> cards that attaches securely around a person's ankle, leaving approximately one-half

> inch of space. It is designed to be worn around-the-clock. The bracelet has a collection chamber and fuel cell, which tests the vapors in a person's perspiration at recurring times throughout the day and night. . . . Alcohol readings, tamper alerts, body temperature and diagnostic data are transmitted to a modem inside the subject's home at least once every 24 hours . . . via an Internet connection for analysis, monitoring and storage.

*People v. Dorcent*, 909 N.Y.S.2d 618, 622 (N.Y. Crim. Ct. 2010). The SCRAM device is currently used in 46 States and 1,900 jurisdictions and has been found to have a level of scientific reliability, such that its readings are admissible in evidence. *Id.* at 625. The SCRAM device is just another method to monitor a parolee's alcohol use, no different in kind from random urine testing. The Supreme Court has held that suspicionless searches of parolees to assure that they are complying with conditions of parole do not violate the Fourth Amendment. *Samson v. California*, 547 U.S. 843 (2006). The requirement that a probationer or parolee submit to substance-abuse testing is commonplace in both the State and federal criminal justice system. *See, e.g.,* 18 U.S.C. § 3583(d) (requiring, as a mandatory condition of supervised release, submission to drug testing). Neither the Supreme Court nor the Sixth Circuit has ever held that a parolee has a right to be free from random substance-abuse testing. Civil rights actions asserting such claims are routinely dismissed as frivolous. *See, e.g., Leal v. Phillips*, No. 97-3537, 1998 WL 69326 (6th Cir. Feb. 10, 1998) (prisoners have no Fourth Amendment right to be free from random drug testing when the testing is made a condition of a prisoner's parole) (citing *Skinner v. Railway Labor Executives Ass'n*, 489 U.S. 602 (1989)).

       The contention that plaintiff's parole agent somehow violated his constitutional rights in requiring him to wear a continuous alcohol monitor is utterly frivolous.

**Recommended Disposition**

For the foregoing reasons, I recommend that *Diehl v. King, et al.*, case no. 1:12-cv-402, be dismissed on the ground of absolute judicial immunity, as well as for failure to state a claim upon which relief can be granted. I recommend that *Diehl v. Osborn*, case no. 1:12-cv-410, be dismissed for failure to state a claim upon which relief can be granted. I recommend that leave to appeal *in forma pauperis* be denied, as any appeal would be frivolous.


Dated:   May 4, 2012            /s/  Joseph G. Scoville
                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).